IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTIMMEO WILLIAMSON<br>on behalf of himself and similarly<br>situated individuals, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | Case No. |
| v. | )<br>) | Judge |
| INPAX SHIPPING SOLUTIONS, LLC | )<br>) | Magistrate Judge |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Artimmeo Williamson, through his attorneys, against Defendant Inpax Shipping Solutions, LLC (hereafter "Inpax" or "Defendant") states as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL") for: 1) Defendant's failure to pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and the IMWL. For claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA. For claims arising under the IMWL, Plaintiff seeks to certify these claims as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b). Plaintiff's consent to act as Class Representative in this Section 216(b) action is attached as Exhibit A.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over

1

Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district because Defendant maintains offices within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

### III. PARTIES

**Plaintiff**

4. Plaintiff has:

   a. resided in and is domiciled within this judicial district in Illinois;

   b. handled goods that have moved in interstate commerce; and

   c. been an "employee" of Defendant Inpax in Illinois as that term is defined by the FLSA, 29 U.S.C. §201 *et seq.*, and the IMWL, 820 ILCS 115/3(d).

**Defendant**

5. Within the relevant time period, Defendant Inpax:

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has maintained offices and conducted business in Illinois and within this judicial district;

   c. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

   d. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

   e. has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS 105/3(c).

### IV. FACTUAL BACKGROUND

6. Defendant Inpax operates a shipping and logistics business and has offices in multiple states including but not limited to Alabama, Georgia, Tennessee, North Carolina, South Carolina, Florida, Texas, Illinois, and Michigan.

7. Among other activities Defendant Inpax provides trucks and/or drivers to deliver goods for various clients in the above referenced states including, but not limited to Amazon and DHL.

8. Plaintiff Williamson has been employed by Defendant Inpax from approximately November 2015 through the present.

9. Plaintiff worked for Defendant delivering items purchased from Amazon.com to the customers who purchased said items.

10. Plaintiff also worked for Defendant delivering items shipped through DHL.

11. During the course of his employment, Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours in individual workweeks.

12. Defendant failed to pay Plaintiff and similarly situated employees the overtime premium of one and a half times their regular rate of pay for all time worked in excess of forty hours in individual work weeks while shipping products for Defendant.

13. On information and belief, Defendant Inpax has had a nation-wide policy of not paying its employees working as drivers delivering items for Inpax's clients, including but not limited to Amazon.com and DHL, the overtime premium of one and a half times their regular rate of pay for all time worked in excess of forty hours individual work weeks.

## V. CLASS ACTION ALLEGATIONS

14. Plaintiff will seek to certify his state law claims arising under the IMWL for Illinois-mandated overtime wages (Count II) as a Rule 23 Class Action. Plaintiff will ask the Court to determine the rights of the parties pursuant to the IMWL, and to direct the Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

15. Count II is brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

   a. the class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed over one hundred persons in Illinois during the IMWL Class Period;

   b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

   (i) Whether Plaintiff and the Class was exempted from the overtime provisions of the IMWL;

   (ii) Whether Plaintiff and members of the Class worked in excess of forty hours in individual work weeks during the Class period; and

   (iii) Whether Defendant failed to pay Plaintiff and the Class at time and a half their regular rate of pay for all time worked in excess of forty (40) hours per individual work week during the IMWL class period.

   c. The Class Representative and Class Members have been equally affected by Defendant's failure to pay overtime wages;

   d. Class Members will be reluctant to bring forth claims for unpaid wages out of fear of retaliation;

   e. The Class Representative, Class Members and Defendant have a commonality of interest in the subject matter and remedies sought and the Class Representative is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendant and the Court.

4

16. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of the FLSA – Overtime Wages
*Plaintiff on behalf of himself and similarly situated employees*

Plaintiff incorporates and re-alleges paragraphs 1 through 16 as though set forth herein.

17. This Count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in a work week, described more fully in paragraphs 6 - 13, *supra*.

18. Defendant directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

19. Other similarly situated employees were also directed to work in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

20. Plaintiff and similarly situated employees were not exempt from the overtime provisions of the FLSA.

21. Plaintiff and similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

22. Defendant did not pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

23. Defendant's failure to pay Plaintiff and the Class overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

24. Plaintiff and the Class are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of all unpaid overtime wages owed to Plaintiff and the Class;

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the IMWL – Overtime Wages
*Plaintiff of behalf of himself and a Class of similarly situated employees*

Plaintiff incorporates and re-alleges paragraphs 1 through 24 as though set forth herein.

25. This Count arises from Defendant's violation of the IMWL for its failure to pay Plaintiff time and a half his regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks, as described more fully in paragraphs 6 - 13, *supra*.

26. Defendant directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to Plaintiff filing this lawsuit.

27. Plaintiff was not exempt from the overtime provisions of the IMWL.

28. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

29. Defendant did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

30. Defendant likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all compensable time in excess of forty (40) hours in individual work weeks.

31. Defendant did not pay other persons similarly situated overtime wages for all compensable time in excess of forty (40) hours worked in individual work weeks.

32. Defendant's failure to pay Plaintiff and other persons similarly situated overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the IMWL.

33. Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

34. The Class that Plaintiff seeks to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all individuals employed by Defendant as drivers in Illinois from November 18, 2013 and up through the date of judgment.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all back wages due to Plaintiff and the Class as provided by the IMWL;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendant has violated the IMWL;

E. That the Court enjoin Defendant from violating the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

G. Such other and further relief as this Court deems appropriate and just.

Dated: November 18, 2016

>*/s/Alvar Ayala*
>Alvar Ayala (ARDC #6295810)
>Christopher J. Williams (ARDC #6284262)
>Workers' Law Office, P.C.
>53 W. Jackson Blvd, Suite 701
>Chicago, IL 60604
>(312) 795-9121
>
>Attorneys for Plaintiff