IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTIMMEO WILLIAMSON ) | | |
| on behalf of himself and similarly ) | | |
| situated individuals, ) | | |
| ) | | |
| Plaintiff, ) | Case No. 16 CV 10745 | |
| ) | | |
| v. ) | Judge Tharp | |
| ) | | |
| INPAX SHIPPING SOLUTIONS, INC. ) | Magistrate Judge Gilbert | |
| ) | | |
| Defendant. ) | | |

**JOINT MOTION FOR APPROVAL OF RESOLUTION OF FAIR LABOR STANDARDS ACT MATTER PURSUANT TO DEFENDANT'S RULE 68 OFFER OF JUDGMENT AND PLAINTIFF'S ACCEPTANCE AND FOR APPROVAL OF PLAINTIFF'S REASONABLE ATTORNEYS' FEES AND COSTS**

Plaintiff Artimmeo Williamson and Defendant Inpax Shipping Solutions, Inc. jointly request that the Court approve the resolution of this matter pursuant to Defendant's Fed. R. Civ. P. 68 ("Rule 68") offer of judgment and Plaintiff's acceptance of Defendant's offer (Dkt. 26) and approve Plaintiff's attorneys' fees and costs in this matter. In support of this Motion, the parties state as follows:

1. On November 18, 2016, Plaintiff initiated this lawsuit by filing a Complaint alleging that Defendant failed to pay him one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in a workweek in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Dkt. 1. Plaintiff worked for Defendant delivering packages for Defendant's clients such as DHL Express and Amazon.com. Plaintiff filed a First Amended Complaint on December 6, 2016. Dkt. 5. Defendant timely answered, disputed liability, and interposed a number of affirmative defenses. Dkt. 18.

2. In the interest of avoiding unnecessary litigation expense, the parties engaged in informal discovery to explore the possibility of resolution.

3. As part of that informal discovery, Defendant produced time and pay records for Plaintiff, which counsel for Plaintiff reviewed and discussed with Plaintiff.

4. While the parties engaged in this informal exchange of documents, Defendant made an offer of judgment pursuant to Rule 68.

5. Plaintiff, with his counsel, reviewed the Rule 68 offer of judgment in the amount of $1,500.00, plus reasonable attorneys' fees and costs, and determined that, after careful review of the offer and evidence obtained in this matter and evaluation of the risks of further class-wide litigation, the offer was a fair resolution of Plaintiff's individual claim.

6. Plaintiff directed his counsel to accept the Rule 68 offer of judgment and, on July 17, 2017, Plaintiff filed a Notice of Acceptance of Rule 68 Offer of Judgment. Dkt. 26.

7. On July 18, 2017, a judgment was entered by this Court. Dkts. 29 & 30.

8. Following Plaintiff's acceptance of Defendant's Rule 68 offer of judgment, pursuant to Rule 54, Plaintiff's counsel reviewed the records of time spent on this matter and, after eliminating any duplicative or otherwise non-billable time entries, advised Defendant's counsel that they had calculated their attorneys' fees as being $6,254.50 and costs as being $400 in this matter.

9. Plaintiff's attorney's fees and costs in this matter are reasonable in light of the complexity of Plaintiff's claims and the informal discovery, research, and client meetings that preceded Defendant's Rule 68 Offer of Judgment on this matter.

10. Defendant does not object to this calculation of attorneys' fees and costs.
A *settlement* resolving an individual's FLSA action to recover unpaid wages requires Court

2

approval to release that individual's claim. *See, e.g., Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010). Although no Court in this Circuit has ruled that an accepted Rule 68 offer of judgment in an FLSA matter requires judicial scrutiny and approval, numerous courts in the Second, Fourth, and Eleventh Circuits have so held.[1] Accordingly, Defendant has requested and Plaintiff does not oppose submitting this matter to the Court for approval.

11.   Here, the settlement of this FLSA matter by virtue of Defendant making a Rule 68 Offer of Judgment and Plaintiff accepting said offer, meets these standards for approval. There is no allegation, much less evidence, of fraud, undue influence, overreaching, collusion or

---

[1] *See, e.g., Johnson v. Heartland Dental, LLC*, Civil No. PJM 16-2154, 2017 WL 2266768, at *1 (D. Md. May 23, 2017) (finding that "in the FLSA context, Rule 68 offers of judgment must be reviewed as if they were settlements and asking the parties to submit the appropriate materials so that the Court could make an evaluation"); *Patel v. Shah*, Case No. 5:15-cv-01959-MHH, 2017 WL 2242963, at *2 n. 6 (N.D. Ala. May 23, 2017) ("The Court reviews the offers of judgment as it would proposed settlement agreements or other stipulations regarding the compromise of an FLSA claim."); *Lopez v. Overtime 1st Avenue Corp.*, No. 15-cv-820 (RJS), 2017 WL 1737657, at *3 (S.D.N.Y. May 2, 2017) (concluding that "Rule 68 does not override the need for court or DOL approval of settlements of claims under the FLSA"); *Yu v. Hasaki Restaurant, Inc.*, 319 F.R.D. 111, 114 (S.D.N.Y. 2017) (finding that "FLSA claims fall within the narrow class of claims that cannot be settled under Rule 68 without approval by the court (or the DOL)"); *Sanchez v. Burgers & Cupcakes LLC*, No. 16-CV-3862 (VEC), 2017 WL 2171870, at *1 (S.D.N.Y. Mar. 16, 2017) (holding that "an FLSA plaintiff's 'acceptance' of a Rule 68 offer is invalid unless it is approved by either the Department or this Court"); *Martinez v. Excel Hospitality, LLC*, No. 1:16-cv-1493-WSD, 2017 WL 359818, at *3 (N.D. Ga. Jan. 24, 2017) ("To the extent the parties seek judicial approval of their proposed settlements under Rule 68, they are required to file a joint motion seeking this relief."); *Gilmore v. L.D. Drilling, Inc.*, Case No. Case No. 16-2416-JAR-TJJ, 2016 WL 6905884, at *1 (D. Kan. Nov. 22, 2016) (noting that after FLSA plaintiff accepted offer of judgment under Rule 68, "[t]he parties have settled the claim and are now asking this Court to approve the settlement as to the FLSA claim, as required under the Act"); *Acevedo v. Phoenix Preservation Grp., Inc.*, Civil No. PJM 13-3726, 2015 WL 6004150, at *2 (D. Md. Oct. 8, 2015) (holding that "neither Federal Rule of Civil Procedure 68(a) nor 41(a)(1)(A)(ii) can be used so as to avoid the FLSA requirement that courts review settlements of claims brought under FLSA for reasonableness"); *Reyes v. Clime*, 2015 WL 3644639, at *4 (D. Md. June 8, 2015) (finding that Rule 68 offers of judgment were not exempt from requirement of court approval, and that "billing entries related to the parties' attempts to avoid seeking court approval of the Rule 68 offer was not time reasonably spent"); *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 603 (N.D. Ga. 2014) (finding that "Defendants' contention that the Offers of Judgment provide full relief does not exempt the offers from the Court's review to determine whether Plaintiff's FLSA rights have been abridged through compromise"); *Norman v. Alorica, Inc.*, No. 11-00433-KD-C, 2012 WL 5452196, at *2 (S.D. Ala. Nov. 7, 2012) ("Notably, although the motion is brought under Rule 68 . . . judicial review and approval of this settlement is still necessary to give it final and binding effect."); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1246-47 (M.D. Fla. 2010) ("If presented in an FLSA action with a notice of settlement, a stipulation for dismissal, an offer of judgment, or the like, the judicial approval required by Lynn's Food and the public's right of access to a judicial proceeding compel the parties to file their agreement in the public docket of the district court."); *Padron v. Jason's Hauling Inc.*, Nos. 8:09-cv-447-T-33TBM, 2009 WL 5067748, at *1 (M.D. Fla. Dec. 17, 2009) (analyzing fairness and reasonableness of FLSA settlement even though plaintiffs had notified court that they accepted defendants' offers of judgment).

3

intimidation. To the contrary, the settlement was the result of contested litigation. While Defendant denied that it violated the FLSA, the parties recognized the uncertain legal and factual issues involved. As a result, Defendant informally produced to Plaintiff comprehensive payroll and timekeeping data, which were carefully reviewed by Counsel for Plaintiff. At all times during the settlement negotiation process, negotiations were conducted at arm's length between counsel who frequently represent clients in wage-hour claims.

12. This case involved complex issues such as whether Plaintiff was paid a day rate, and whether and how to include certain bonus payments in his regular rate of pay for overtime calculation purposes. The offer of judgment was made after informal discovery and said discovery informed Plaintiff's evaluation of Defendant's offer of judgment. The offer of judgment also fully satisfied Plaintiff's claimed attorneys' fees and costs. Under these circumstances, the parties respectfully submit that the resolution by way of offer of judgment "represents a fair and reasonable resolution of a bona fide dispute" under the FLSA. *Salcedo v. D'Arcy Buick GMC, Inc.,* 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016).

WHEREFORE, the parties respectfully request that this Court approve the resolution of Plaintiff's FLSA claims for overtime wages pursuant to Defendant's Rule 68 Offer of Judgment, and approve Plaintiff's acceptance of that offer as fair and reasonable and enter a judgment for Plaintiff's earned wages in the amount of $1,500.00 and for Plaintiff's reasonable att*orneys' fees and costs in the amoun*t of $6,654.50.

Respectfully submitted,

| | |
|---|---|
| s/Alvar Ayala | s/Nancy F.Rigby |
| WORKERS' LAW OFFICE, P.C. | WEINBERG, WHEELER, HUDGINS, |
| Alvar Ayala (ARDC #6295810) | GUNN & DIAL, LLC |
| Christopher J. Williams (ARDC #6284262) | Nancy F. Rigby |
| 53 W. Jackson Blvd, Suite 701 | Admitted Pro Hac Vice |
| Chicago, IL 60604 | Matthew T. Gomes |
| (312) 795-9121 | Admitted Pro Hac Vice |
| | 3344 Peachtree Road, Suite 2400 |
| Counsel for Plaintiff | Atlanta, GA 30326 |
| | (404) 876-2700 |

FITZPATRICK & FITZPATRICK
William F. Fitzpatrick (ARDC #0825670)
36 W. Randolph, Suite 301
Chicago, IL 60601
(312) 553-2200

Counsel for Defendant