IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTIMMEO WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 CV 10745 |
| | ) | |
| v. | ) | Judge Tharp |
| | ) | |
| INPAX SHIPPING SOLUTIONS, INC. | ) | Magistrate Judge Gilbert |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO VACATE JUDGMENT AS VOID AND ENTER CONSENT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to this Court's August 16, 2017 Docket Entry, Defendant Inpax Shipping Solutions, Inc. ("Inpax") respectfully moves this Court to vacate the July 18, 2017 Amended Judgment as void pursuant to Federal Rule of Civil Procedure 60(b)(4), and enter a consent judgment on the parties' previously agreed-to terms. In support of this Motion, Inpax respectfully states as follows:

**I.      STATEMENT OF PROCEEDINGS**

On June 30, 2017, counsel for Inpax served Plaintiff Artimmeo Williamson ("Williamson") with an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. The Offer of Judgment provided that Inpax would pay Williamson $1,500, plus an additional amount for his reasonable attorney's fees and costs, "in total settlement of any and all claims and causes of actions in Plaintiff's First Amended Complaint in this action," which asserted claims pursuant to the Fair Labor Standards Act and the Illinois Minimum Wage Law.

On July 17, 2017, Williamson filed a Notice of Acceptance of Rule 68 Offer of Judgment. (Doc. 26). The next day, the Court entered an Amended Judgment in a Civil Case, "in favor of plaintiff Artimmeo Williamson in the amount of $1,500, plus costs and reasonable

attorney's fees and against defendant Inpax Shipping Solutions, Inc." (Doc. No. 30). Subsequently, on August 10, 2017, the parties jointly moved the Court for approval of the resolution of this Fair Labor Standards Act matter based on Plaintiff's acceptance of Defendant's Rule 68 Offer of Judgment, and for approval of Plaintiff's reasonable attorney's fees and costs. (Doc. 31). Upon hearing the parties' Joint Motion, the Court entered a Docket Entry denying without prejudice the parties' joint motion, and directing that should any further motion be filed by one or both parties,[1] "it should be presented as a motion to vacate the judgment as a void judgment under Rule 60(b)(4) and to enter a consent judgment on the agreed terms." (Doc. No. 33). This submission is being made pursuant to the Court's August 16, 2017 Docket Entry.[2]

## II.   ARGUMENT & CITATION OF AUTHORITY

### A.   Motion to Vacate Judgment As Void

Pursuant to Federal Rule of Civil Procedure 60(b)(4), Defendant respectfully moves this Court to vacate the Amended Judgment entered on July 18, 2017 as a void judgment based on the absence of the submission of sufficient information in connection with Plaintiff's Notice of Acceptance of Rule 68 Offer of Judgment for the Court to evaluate and approve the resolution of this matter involving claims made pursuant to the Fair Labor Standards Act ("FLSA").

An express condition for the Offer of Judgment was "total settlement" of Williamson's FLSA claims. Although no Court in this Circuit has ruled that an accepted Rule 68 offer of

---

[1] Prior to filing this Motion, Defendant's counsel spoke with Plaintiff's counsel but was unable to reach agreement.

[2] Defendant regrets and apologizes to the Court for its failure to appear at the August 16, 2017 hearing. Upon review, counsel for Defendant has determined that despite receiving e-mail notification of the Notice of Motion, the email notification for the Notice of Motion arrived at the <u>exact same time</u> as the e-mail notification for the Motion itself, and at that time counsel saw only the email notification for the Motion. Counsel for Defendant remained unaware of the scheduling of the August 16, 2017 hearing until receipt of the Court's Docket Entry.

2

judgment in an FLSA matter requires judicial scrutiny and approval, numerous courts in other jurisdictions have so held. *See, e.g.*, *Johnson v. Heartland Dental, LLC*, Civil No. PJM 16-2154, 2017 WL 2266768, at *1 (D. Md. May 23, 2017); *Patel v. Shah*, Case No. 5:15-cv-01959-MHH, 2017 WL 2242963, at *2 n. 6 (N.D. Ala. May 23, 2017); *Lopez v. Overtime 1st Avenue Corp.*, No. 15-cv-820 (RJS), 2017 WL 1737657, at *3 (S.D.N.Y. May 2, 2017); *Yu v. Hasaki Restaurant, Inc.*, 319 F.R.D. 111, 114 (S.D.N.Y. 2017); *Sanchez v. Burgers & Cupcakes LLC*, No. 16-CV-3862 (VEC), 2017 WL 2171870, at *1 (S.D.N.Y. Mar. 16, 2017); *Martinez v. Excel Hospitality, LLC*, No. 1:16-cv-1493-WSD, 2017 WL 359818, at *3 (N.D. Ga. Jan. 24, 2017); *Gilmore v. L.D. Drilling, Inc.*, Case No. Case No. 16-2416-JAR-TJJ, 2016 WL 6905884, at *1 (D. Kan. Nov. 22, 2016); *Acevedo v. Phoenix Preservation Grp., Inc.*, Civil No. PJM 13-3726, 2015 WL 6004150, at *2 (D. Md. Oct. 8, 2015); *Reyes v. Clime*, 2015 WL 3644639, at *4 (D. Md. June 8, 2015); *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 603 (N.D. Ga. 2014); *Norman v. Alorica, Inc.*, No. 11-00433-KD-C, 2012 WL 5452196, at *2 (S.D. Ala. Nov. 7, 2012); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1246-47 (M.D. Fla. 2010); *Padron v. Jason's Hauling Inc.*, Nos. 8:09-cv-447-T-33TBM, 2009 WL 5067748, at *1 (M.D. Fla. Dec. 17, 2009). Accordingly, because a "total settlement" of Williamson's FLSA claims is not possible without this Court's approval of the settlement, the prior Amended Judgment should be vacated as void.

      **B.**    **Motion to Approve Consent Judgment on Agreed Terms**

Pursuant to *Grove v. ZW Tech, Inc.,* 2012 WL 1789100, *3 (D. Kansas. 2012), the Court may approve the settlement of an FLSA matter if it finds that "(1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney's fees."

With respect to determining the first element regarding whether a bona fide dispute exists, *Grove* directs the Court to consider the following factors:[3]

(1) a description of the nature of the dispute (for example, a disagreement over coverage, exemption or computation of hours worked or rate of pay): *The nature of this dispute concerned whether Williamson was correctly paid wages pursuant to a "day rate" and/or whether Williamson was correctly paid overtime pay under the FLSA. Inpax paid Williamson an hourly wage for work performed, and also paid Williamson one and one-half times his hourly rate of pay for hours worked in excess of 40 per week. The dispute focused on the computation of Williamson's regular rate of pay and corresponding overtime rate of pay.*

(2) a description of the employer's business and the type of work performed by the employees; *Inpax operates a shipping and logistics business, and its employees drive Inpax-supplied vehicles to deliver items for various clients in the jurisdictions where Inpax operates, including the Chicago area. Inpax clients have included Amazon and DHL, for whom Williamson delivered items.*

(3) the employer's reasons for disputing the employees' right to a minimum wage or overtime: *Inpax did not dispute that Williamson was entitled to overtime pay, and contended that Williamson had been correctly paid all regular and overtime wages to which he was entitled pursuant to the FLSA.*

(4) the employees' justification for the disputed wages: *Williamson contended that he was not correctly paid wages pursuant to a "day rate" and/or that he was not correctly paid overtime pay under the FLSA.*

(5) if the parties dispute the computation of wages owed, each party's estimate of the

---

[3] Following each factor, Defendant submits in italics information supporting the factor.

number of hours worked and the applicable wage: *Inpax computed that it may have owed Williamson approximately $150.00 in additional overtime pay; Plaintiff did not dispute this amount.*

With respect to determining the second element regarding whether the proposed settlement is fair and equitable to all parties concerned, *Grove* directs the Court to consider the following factors:

(1) Whether the proposed settlement was fairly and honestly negotiated: *Although Inpax denied that it violated the FLSA, the parties recognized the uncertain legal and factual issues involved. As a result, Inpax informally produced to Williamson comprehensive payroll and timekeeping data, and the parties engaged in settlement negotiations. At all times during the settlement negotiation process, negotiations were conducted at arm's length between counsel who frequently represent clients in wage-hour claims. As a result, the proposed Rule 68 Offer of Judgment was fairly and honestly negotiated.*

(2) Whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt: *This case involved complex issues such as whether Williamson was paid a "day rate," and whether and how certain bonus payments should be included in his hourly rate of pay for overtime pay calculation purposes. The Rule 68 Offer of Judgment was made after informal discovery but before the parties spent a significant amount of time and money on protracted and expensive litigation where the ultimate outcome was uncertain.*

(3) Whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation: *Here, Inpax demonstrated that Williamson's "best case" recovery would be a fraction of what he was offered in the Rule 68 Offer of Judgment. As a result, the value of an immediate recovery to Williamson outweighed*

5

*the mere possibility of future relief after what was likely to be protracted and expensive litigation.*

(4) The judgment of the parties that the settlement is fair and reasonable. *Williamson reviewed the Rule 68 Offer of Judgment in the amount of $1,500.00, plus reasonable attorneys' fees and costs, and determined that, after careful review of the offer and evidence obtained in this matter and evaluation of the risks of further litigation, the offer was a fair and reasonable resolution of Williamson's individual claim.*

*Grove* further directs the Court to consider the following factors relevant to the history and policy of the FLSA:

(1) Defendants' business: *Inpax operates a shipping and logistics business in various jurisdictions, including the Chicago area.*

(2) The type of work performed by plaintiffs: *Inpax employees drive Inpax-supplied vehicles to deliver items for various clients in the jurisdictions where Inpax operates.*

(3) The facts underlying plaintiffs' reasons for justifying their claims: *Williamson contended that he was not correctly paid wages pursuant to a "day rate" and/or that he was not correctly paid overtime pay under the FLSA.*

(4) Defendants' reasons for disputing plaintiffs' claims: *Inpax disputed that Williamson was paid pursuant to a "day rate" under the FLSA because he received certain bonuses and fluctuating pay, effectively negating payment pursuant to a "day rate." Inpax did not dispute that Williamson was entitled to overtime pay, but contended, however, that Williamson had been correctly paid all regular and overtime wages to which he was entitled pursuant to the FLSA.*

(5) The relative strength and weaknesses of plaintiffs' claims: *Williamson's claim*

*that he was paid a "day rate" was contradicted by the fact that he received certain bonuses and fluctuating pay. Whether and how those bonuses were calculated into his hourly and overtime rates of pay was in dispute.*

(6) The relative strength and weaknesses of defendant's defenses: *Inpax's position that Williamson was not paid a "day rate" was supported by the fact that he received certain bonuses and fluctuating pay. Whether and how those bonuses were calculated into his hourly and overtime rates of pay was in dispute.*

(7) Whether the parties dispute the computation of wages owed: *Inpax computed that it may have owed Williamson approximately $150.00 in additional overtime pay; Plaintiff did not dispute this amount.*

(8) Each party's estimate of the number of hours worked and the applicable wage: *Inpax estimated that out of eighteen weeks of pay in which Williamson received various bonuses and disputed the amount of his compensation, he may have been entitled to an additional approximately $150.00.*

(9) The maximum amount of recovery to which plaintiffs claim they would be entitled if they successfully proved their claims: *Inpax computed that it may have owed Williamson approximately $150.00 in additional overtime pay; Williamson never identified the amount to which he claimed he was entitled.*

With respect to determining the third element regarding whether the proposed settlement contains an award of reasonable attorney's fees, Williamson's attorney has indicated that he reviewed the records of time spent on this matter and, after eliminating any duplicative or otherwise non-billable time entries, calculated Williamson's attorneys' fees as being $6,254.50 and costs as being $400 in this matter. The parties agree that Plaintiff's attorney's fees and costs

7

in this matter are reasonable in light of the complexity of Williamson's claims and the informal discovery, research, and client meetings that preceded Plaintiff's acceptance of Defendant's Rule 68 Offer of Judgment in this matter.

## III. CONCLUSION

Based on the foregoing, Defendant respectfully submits that this litigation involved a bona fide dispute, and that Defendant's Rule 68 Offer of Judgment accepted by Plaintiff was a fair and equitable resolution to this matter for all parties concerned. As a result, Defendant respectfully requests that the Court vacate its July 18, 2017 Amended Judgment as void pursuant to Federal Rule of Civil Procedure 60(b)(4), and enter a consent judgment on the parties' previously agreed-to terms as contained in the accepted Rule 68 Offer of Judgment. A proposed order in this regard is being submitted contemporaneously via e-mail to Proposed_Order_Tharp@ilnd.uscourts.gov.

Respectfully submitted this 25th day of August, 2017,

*/s/ Nancy F. Rigby*
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
Nancy F. Rigby
Admitted Pro Hac Vice
Matthew T. Gomes
Admitted Pro Hac Vice
3344 Peachtree Road, Suite 2400
Atlanta, GA 30326
(404) 876-2700

FITZPATRICK & FITZPATRICK
William F. Fitzpatrick (ARDC #0825670)
36 W. Randolph, Suite 301
Chicago, IL 60601
(312) 553-2200

Counsel for Defendant

8

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was served upon all counsel of record via CM/ECF:

Alvar Ayala, Esq.<br>
Christopher J. Williams, Esq.<br>
Workers' Law Office, P.C.<br>
53 W. Jackson Blvd., Suite 701<br>
Chicago, Illinois 60604

Dated: August 25, 2017

                                           WEINBERG, WHEELER, HUDGINS,
                                           GUNN & DIAL, LLC

                                           */s/ Nancy F. Rigby*
                                           Nancy F. Rigby